RECEIVED
IN LAKE CHARLES, LA.
AUG - 1 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:12CR00250-001** |
| **VS.** | : | **JUDGE MINALDI** |
| **LONNIE ALLEN TRUITT** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to the Offense Level Computation which includes the Specific Offense Characteristics under USSG §2G2.1(b)(2)(A) and the Chapter Four Enhancement under USSG §4B1.5. The defendant argues that these enhancements are based on the same alleged conduct and are, therefore, impermissible double counting.

§2G1(b)(2)(A) provides for a base offense level of 32, increased by 2 levels if the offense involved the commission of a sexual act or sexual contact. The victim advised that Truitt had "fingered her," performed anal sex with her and had sexual intercourse with her three times. These are sexual acts contemplated by 2G1(b)(2)(A).

§4B1.5(b) provides for a five-level increase if the instant offense is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct. The production of child pornography is a covered sex crime. Application note 4(B) in the Commentary to §4B1.5 directs that, for the purposes of subsection (b), the defendant engaged in a pattern of activity

involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor. The note further directs that an occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in the conviction for the conduct that occurred on that occasion.

Truitt argues that both enhancements double-count the same conduct, but he cannot establish that the double-counting is error. The Fifth Circuit has held that "[d]ouble counting is prohibited only if the particular guidelines at issue specifically forbid it." *United States v. Barraza*, 655 F.3d 375, 384 (5th Cir. 2011) (quoting *United States v. Hawkins*, 69 F.3d 11, 14 (5th Cir. 1995) (alteration in original)). *United States v. Garcia-Gonzalez*, 714 F.3d 306, 315-316 (5th Cir. 2013). There is nothing in either Guideline that prohibits the imposition of both enhancements. Therefore, this objection is OVERRULED.

In his second objection, Truitt objects to the Specific Offense Characteristics calculation which increases his offense level by two points under USSG §2G2.1(b)(6)(B). This guideline applies when the offense involves a "computer or interactive computer devise." [sic] The defendant argues that a cell phone is not a computer or interactive computer device.

The language of 18 U.S.C. § 1030(e)(1) is exceedingly broad. If a device is "an electronic ... or other high speed data processing device performing logical, arithmetic, or storage functions," it is a computer. This definition captures any device that makes use of an [sic] electronic data processor, examples of which are legion. *Accord* Orin S. Kerr, *Vagueness Challenges to the Computer Fraud and Abuse Act*, 94 Minn. L.Rev. 1561, 1577 (2010) ("Just think of the common household items that include microchips and electronic storage devices, and thus will satisfy the statutory definition of

'computer.' That category can include coffeemakers, microwave ovens, watches, telephones, children's toys, MP3 players, refrigerators, heating and air-conditioning units, radios, alarm clocks, televisions, and DVD players, in addition to more traditional computers like laptops or desktop computers." (footnote omitted)). Additionally, each time an electronic processor performs any task—from powering on, to receiving keypad input, to displaying information—it performs logical, arithmetic, or storage functions. These functions are the essence of its operation. *See* The New Oxford American Dictionary 277 (2d ed. 2005) (defining "central processing unit" as "the part of a computer in which operations are controlled and executed"). *United States v. Kramer*, 631 F.3d 900, 902 -903 (8th Cir. 2011). Application note 4 to § 2G1.3(b)(3) limits application of the enhancement to those offenders who use a computer "to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." U.S. Sentencing Guidelines Manual § 2G1.3(b)(3) cmt. n.4 (2009). Therefore, the note continues, the enhancement "would not apply to the use of a computer or an interactive computer service to obtain airline tickets for the minor from an airline's Internet site." *Id* at 903. Following the reasoning of the Guidelines Application notes and commentary, the cell phone, used to send text messages and nude pictures, is a computer device pursuant to §2G2.1(b)(6)(B). This objection is also OVERRULED. The guidelines computations as set forth in the PSR are adopted in their entirety by this court.

Lake Charles, Louisiana, this ___1___ day of ~~July~~ August, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE